UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION
And WELFARE FUNDS,

                          Plaintiffs,                   **ORDER**

  -against-

                                                   13 CV 0923 (DRH) (AKT)

FMC CONSTRUCTION LLC,

                          Defendant.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

Plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Plaintiffs") commenced this action against Defendant FMC Construction ("Defendant") pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. The Plaintiffs are trustees of several union funds, including the Empire State Carpenters Annuity Fund, Empire State Carpenters Apprenticeship Fund, Empire State Carpenters Pension Fund, Empire State Carpenters Pension Fund, Empire State Carpenters Welfare Fund, Empire State Carpenters Labor-Management Cooperation, and Empire State Carpenters Scholarship Fund (collectively, "the Funds"). (*See* Order of February 2, 2014, at 2, DE 19.) Plaintiffs seek to enforce an arbitrator's award of December 9, 2012 ("the Arbitration Award") finding that Defendant owed benefit contributions to the Funds pursuant to a collective bargaining agreement between the Northeast Regional Council of Carpenters ("the Union") and Defendant. (*See id*. at 1.)

After the defendants' default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On July 31, 2013, this motion was referred to United States Magistrate Judge A. Kathleen Tomlinson to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendants' liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On February 12, 2014, Judge Tomlinson issued a Report and Recommendation which recommended that a default judgment be entered against the defendants, confirming the amount of damages set forth in the Arbitration Award. Specifically, Judge Tomlinson's Order set forth that the following damages be awarded: (1) $2,831.09 in unpaid contributions; (2) $646.24 in interest on the unpaid contributions (3) $566.22 in liquidated damages; (4) $304.20 in attorney's fees related to the arbitration proceeding; (5) $1,303.00 in attorneys' fees for the instant litigation; (6) $350.00 for the arbitrator's fee pursuant to the Arbitration Award; and (7) $417.50 for the filing of this action and costs of this action. Judge Tomlinson also directed Defendant and its officers to make available to Plaintiffs or Plaintiffs' authorized representatives, within 30 days of this Order, any and all books and records Plaintiffs deem necessary to conduct an audit for the period running from July 2008 through September 2011. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 12, 2014 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Therefore, the Court adopts the Report and Recommendation of Judge Tomlinson as is set forth therein. Accordingly, the Court hereby

directs that default judgment be entered in favor of plaintiffs and against defendants for the following damages:

(1) $2,831.09 in unpaid contributions;

(2) $646.24 in interest on the unpaid contributions;

(3) $566.22 in liquidated damages;

(4) $304.20 in attorney's fees related to the arbitration proceeding;

(5) $1,303.00 in attorney's fees for the instant litigation;

(6) $350.00 for the arbitrator's fee pursuant to the Arbitration Award; and

(7) $417.50 for the filing of this action and costs of this action.

Additionally, Defendant and its officers are to make available to Plaintiffs or Plaintiff's authorized representatives, within 30 days of this Order, any and all books and records Plaintiffs deem necessary to conduct an audit for the period running from July 2008 through September 2011. Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
March 25, 2014

/s/
Denis R. Hurley
Unites States District Judge